NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SUE JONES,

                Plaintiff - Appellant,

    v.

CITY OF ORANGE COVE,

                Defendant - Appellee.

No. 10-16507

D.C. No. 1:08 cv-0775 DLB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding

Argued and Submitted October 11, 2011
San Francisco, California

Before:     B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

     Plaintiff Sue Jones appeals from the district court's grant of summary

judgment to Defendant City of Orange Cove.  Summary judgment was based

solely on Jones' failure to file a petition for a writ of administrative mandamus to

challenge the City Council's decision.  The district court concluded that this failure

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

renders the City Council's decision *res judicata.* We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand.

Under California law, a party challenging an administrative decision "made as a result of a proceeding in which by law a hearing is required to be given, evidence is required to be taken, and discretion in the determination of facts is vested," is generally required to file a petition for a writ of administrative mandamus in order to challenge that decision. Cal. Civ. Proc. Code § 1094.5(a). Orange Cove Municipal Code § 15.17.070 required the Orange Cove City Council to hold a hearing and take evidence when considering Jones' appeal. Under California law, if a party fails to file for a writ of administrative mandamus when one is required and, instead, collaterally attacks the administrative decision in court, the administrative decision is final under the doctrine of *res judicata.* *Patrick Media Grp., Inc. v. Cal. Coastal Comm'n*, 11 Cal. Rptr. 2d 824, 839-40 (Ct. App. 1992). We generally afford collateral estoppel effect to municipal decisions made within California. *See Eilrich v. Remas*, 839 F.2d 630, 633 (9th Cir. 1988).

In response to an order that her building be repaired or razed, Jones filed two complaints. In one, Jones sought damages and injunctive relief, alleging, *inter alia*, violations of 42 U.S.C. § 1983. In the second, Jones filed a pleading entitled

"Writ of Prohibition." Despite its title, we conclude that this "Writ of Prohibition" serves the purpose of a writ of administrative mandamus. California law provides that when a petition for a writ of administrative mandamus is filed, "[t]he inquiry in such a case shall extend to the questions whether the respondent has proceeded without, or in excess of jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion." Cal. Civ. Proc. Code § 1094.5(b). Jones' "Writ of Prohibition" touches on all three of the inquiries permitted on administrative mandamus. In this pleading, Jones alleges that the City Council lacked jurisdiction for its decision. She also alleges that the City Council's decision was politically motivated, reasonably prompting an inquiry into whether her trial was fair and whether the City Council abused its discretion. Jones also requests that "the court issue a peremptory writ . . . commanding respondent to refrain from enforcing" the decision that she challenges.

Under California pleading rules, "neither mislabeling nor a defective prayer will bar relief justified by proper allegations and proof." *Peck's Liquors, Inc. v. Superior Court*, 34 Cal. Rptr. 735, 736 (Ct. App. 1963). Thus, where the substance of the petitioner's argument for relief is misclassified as a petition for the wrong writ, the petition should be treated as a petition for the appropriate writ. *See, e.g.*, *Broden v. Marin Humane Soc'y*, 83 Cal. Rptr. 2d 235, 237 & n.3 (Ct. App. 1999).

Therefore, Jones' "Writ of Prohibition" should be treated as a petition for a writ of administrative mandamus.

The district court erred in refusing to treat this pleading as a petition for a writ of administrative mandamus. Accordingly, the judgment of the district court is reversed and the case is remanded to the district court for further proceedings consistent with this disposition.

**REVERSED and REMANDED.**